Coös,  }
Oct. 4, 1910. }

### COULOMBE *v.* EASTMAN.

A creditor of a corporation who seeks to enforce the individual liability of an officer under sections 14 and 16, chapter 150, Public Statutes, may employ any suitable form of action, either legal or equitable.

If an officer of a corporation is made individually liable for its debt, the right of contribution against his associates is not affected by the form of the action in which his liability was determined.

DEBT. The plaintiff seeks to recover under the provisions of sections 14 and 16, chapter 150, Public Statutes. The defendant demurred on the ground that the plaintiff's remedy is in equity. Transferred without a ruling from the April term, 1910, of the superior court by *Chamberlin*, J.

*Libby & Coulombe*, for the plaintiff.

*William H. Paine* and *Herbert I. Goss*, for the defendant.

YOUNG, J. The form of action a creditor must employ to enforce the statutory liability of the officers of a corporation has not been prescribed in terms since 1867. Before that time the statutes provided that his remedy should be case or equity. Prior to 1857 these provisions applied to stockholders as well as officers, but in that year it was enacted that the liability of stockholders should be enforced in equity. Laws 1857, *c.* 1962.

The provisions imposing liability on the officers of a corporation were incorporated into the revision of 1867, but those prescribing the remedy by which it should be enforced were omitted. It seems probable, therefore, that the legislature intended that a creditor might employ any form of action adapted to enforce a statutory liability, and there is nothing in the relationship of the officers of

a corporation or character of the liability to rebut this presumption. If an officer would be entitled to contribution if this liability were enforced in equity, he is entitled to it if the liability is enforced in an action at law; for it is the character of the liability — not the form of action by which it is enforced — which is determinative of his right to contribution.

*Case discharged.*

All concurred.